**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re:<br>James Madison Montgomery,<br><br>      *Debtor*. | Case No:    16-11666<br>Chapter:    13 |

| | |
|---|---|
| James Madison Montgomery,<br><br>      *Plaintiff*,<br><br>v.<br><br>Nationstar Mortgage, LLC, dba Mr.<br>Cooper,<br><br>      *Defendant*. | AP No.  20-_____ |

## COMPLAINT

    **COMES NOW** Plaintiff, James Madison Montgomery ("Plaintiff"), by and through the

undersigned counsel, and presents this complaint for damages and injunctive relief against

Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper ("Defendant"), and alleges as follows:[1]

---

[1] On April 2, 2020, Plaintiff, through the undersigned counsel, provided correspondence with various exhibits to Jonathan Smothers, Defendant's counsel in the prior adversary proceeding between the Parties, in an attempt to resolve this matter. Attorney Smothers responded by indicating that his firm was no longer retained for this loan and that he could not respond to the letter. Thereafter, on April 7, 2020, Plaintiff, through the undersigned counsel, provided correspondence with various exhibits to Defendant, via its registered agent, in an attempt to resolve this matter. Those efforts were futile and this matter remains unresolved.

1

## INTRODUCTION

1.     On April 2, 2018, Plaintiff filed Adversary Proceeding number 18-01065 against Defendant and asserted claims pursuant to 11 U.S.C. §§ 105(a), 362(a), 1306(a) and 1327(a), Rules 2016, 3002.1 and 9011, Fed. R. Bankr. P., 15 U.S.C. § 1601, *et seq.*, 12 C.F.R. Part 226 (Reg. Z), and 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. Part 1024 (Reg. X), breach of contract, fraud and misrepresentation with such claims being related to Plaintiff's mortgage loan, the handling and servicing hereof, etc. ("Prior AP").

2.     In June 2019, the Parties executed a Mutual Settlement Agreement and Release of Claims ("Agreement").  The Agreement is confidential, subject to disclosure for purposes of obtaining the bankruptcy court's approval of the settlement, and further, subject to either Party's necessity to effectuate the terms of the Agreement.

3.     Subsequent to the consummation of the aforesaid settlement, Defendant engaged in acts which constitute willful violations of 11 U.S.C. § 362(a), R. 3002.1, Fed. R. Bankr. P., and 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. Part 1024 (Reg. X), and further which are a breach of the Agreement.

4.     As a result of Defendant's unlawful conduct, Plaintiff lives in fear each day that Defendant will execute a foreclosure and deprive Plaintiff and his family of their home.

## JURISDICTION AND VENUE

5.     Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding.  Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

6. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

7. Plaintiff, James Madison Montgomery, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

8. Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, is a Foreign Limited Liability Company, has a principal place of business at 8950 Cypress Waters Boulevard, Coppell, Texas 75261-9741, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

9. On or about July 31, 2009, Plaintiff and Bank of America, N.A. executed a Note wherein Plaintiff agreed to pay the bank the sum of $223,308.00, plus interest, with payments pursuant thereto commencing on October 1, 2009 and concluding on September 1, 2039, with said obligation secured by a Mortgage and Security Deed of same date against real property situated at 9078 Prospect Court, Jonesboro, Georgia 30236-5291. Based upon the stamp on these documents, the same were recorded with the Clerk of Superior Court of Clayton County, Georgia at 4:33 p.m. on August 10, 2009.

10. On September 12, 2016, Plaintiff filed a *Voluntary Petition* and accompanying documents (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 16-11666 ("Bankruptcy Case").

3

11. On December 16, 2016, this Honorable Court entered an *Order Confirming Chapter 13 Plan*.

12. Plaintiff identified Defendant as the holder of a claim secured by said residence within *Schedule D* of the Petition.

13. Within the original *Chapter 13 Plan*, Plaintiff provided for monthly cure payments to Defendant in the amount of $150.00 against an arrearage of $4,800.00.

14. Within the original *Chapter 13 Plan*, Plaintiff provided that, on October 10, 2016, he would resume monthly payments to Defendant in service of the mortgage loan.

15. On January 23, 2017, Defendant filed *Proof of Claim* number 16 ("Claim") and therein represented entitlement to an indebtedness in the amount of $200,917.91 secured by a mortgage lien against Plaintiff's residence.

16. On March 3, 2017, Defendant filed a *Motion for Relief from the Automatic Stay and Codebtor Stay of Sections 362 and 1301 or in the Alternative, Adequate Protection by Nationstar Mortgage, LLC* and therein represented that Plaintiff was in post-petition default of mortgage loan payments in the aggregate amount of $3,508.63 (comprised of three payments of $1,714.89 each less suspense funds of $1,636.04).

17. On April 12, 2017, this Honorable Court entered an *Order Conditionally Denying Motion for Relief from the Automatic Stay and Co-Debtor Stay and Providing Adequate Protection as to Nationstar Mortgage LLC* ("Hoggle Order") which provides, in pertinent part, as follows:

    a. the *Motion for Relief* is denied as to any arrearage incurred through March 2017;

    b. the post-petition arrearage due to Defendant through March 2017, in the amount of $811.95 (comprised of attorney's fees, court costs, less a suspense of $19.05),

4

shall be paid by the Trustee pursuant to an amended claim (notably, the post-petition arrearage excluded any monthly mortgage payments);

    c.   Plaintiff shall resume consecutive monthly mortgage payments of $1,714.89 commencing with April 2017; and

    d.   the automatic and codebtor stays are modified to the extent that, in the event of Plaintiff's failure to remit a schedule mortgage payment, Defendant must provide to Plaintiff, Plaintiff's attorney and the Trustee written notice of such default and right to cure, and thereafter, in the event of Plaintiff's failure to cure said default within twenty (20) days of such notice, the stays lift and Defendant has the right to foreclose the mortgage against the property.

18.    On June 14, 2017, Defendant filed an *Amended Proof of Claim* ("Amended Claim") in accordance with the Hoggle Order.

19.    On December 11, 2017, Defendant filed a *Notice of Default and Right to Cure* and therein alleged that the subject mortgage loan account was delinquent for the months of November and December 2017 in the aggregate amount of $3,478.64, less suspense funds of $1,714.89, for a total default of $1,763.75.

20.    At the time of the aforesaid *Notice of Default and Right to Cure*, however, Plaintiff was current and in compliance with the dictates of the confirmed *Chapter 13 Plan* and Hoggle Order.

21.    As noted herein above, on April 2, 2018, Plaintiff filed the Prior AP against Defendant and alleged therein claims pursuant to 11 U.S.C. §§ 105(a), 362(a), 1306(a) and 1327(a), Rules 2016, 3002.1 and 9011, Fed. R. Bankr. P., 15 U.S.C. § 1601, *et seq.*, 12 C.F.R. Part 226 (Reg. Z), and 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. Part 1024 (Reg. X), breach of contract, fraud and

5

misrepresentation. The Parties reached a settlement of all claims in the Prior AP and, in June 2019, consummated the settlement with the execution of the Agreement.

22.     Notwithstanding, Defendant has recently engaged in conduct that is violative of the automatic stay of 11 U.S.C. § 362(a), is violative of the various provisions of R. 3002.1, Fed. R. Bankr. P., is violative of 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. Part 1024 (Reg. X)m and is a breach of the Agreement.

23.     On December 18, 2019, Defendant mailed a monthly mortgage statement to Plaintiff which reflects a total due of $1,436.59 (regular payment of $1,792.75 less suspense balance of $356.16), due date of January 1, 2020, prepetition arrearage balance of $7,301.50, escrow balance of $13,069.84 and fees and other charges of $0.00.

24.     From the perspective of the amount due, payment due date and amount of arrearage, the aforesaid statement appears to be accurate.

25.     On January 2, 2020, Defendant mailed a letter to Plaintiff which states, in pertinent part, that Plaintiff should remit an additional amount to increase the unapplied funds balance from $1,640.43 to $1,792.75 so the same could be applied to a monthly payment, and that, as of the date of the letter, "the total amount required to bring the account current is $6,228.07."

26.     From the perspective of the amount due, the aforesaid letter reflects that Defendant has failed to honor the terms of the Agreement (with respect to the provision that Defendant acknowledged and agreed that the automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the automatic stay.

27.     On or around January 15, 2020, Plaintiff provided a qualified written request and notice of error ("QWR") to Defendant regarding the mortgage loan account and the servicing thereof

such account, and therein set forth, in detail, the issues with the status of the mortgage loan account.

28.     At or near the same time as Plaintiff submitted the QWR, he and/or his spouse made multiple telephonic attempts to have Defendant accurately reflect the status of the account; however, those attempts were unsuccessful and resulted in the submission of the QWR.

29.     On January 21, 2020, Defendant mailed a monthly mortgage statement to Plaintiff which reflects a total due of $7,395.03 (which includes all prepetition arrearage), a due date of February 1, 2020, an escrow balance of $13,600.24 and a late fee of $71.71. The transaction activity section of this statement, for the period of July 1, 2019 through December 31, 2019, reflects legal fees in the amount of $181.00 for December 31, 2019.

30.     From the perspective of the amount due, the aforesaid letter reflects that Defendant has failed to honor the terms of the Agreement (with respect to the provision that Defendant acknowledged and agreed that the automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the automatic stay. The statement further reflects that Defendant has assessed a charge or fee against the account for late and legal fees in the absence of compliance with R. 3002.1, Fed. R. Bankr. P.

31.     On January 21, 2020, Defendant, through its Loss Mitigation Department, mailed a letter to Plaintiff which states, in pertinent part, as follows:

> As of 02/21/2020, you are 113 days delinquent on your mortgage loan. Here is a recent payment history, and the reason for our concern:
>
> **RECENT ACCOUNT HISTORY**
>
> PAYMENT DUE 08/01/2019 Fully paid on 11/30/2019
> PAYMENT DUE 09/01/2019 Fully paid on 12/31/2019
> PAYMENT DUE 10/01/2019 Unpaid balance of $1,792.75
> PAYMENT DUE 11/01/2O19 Unpaid balance of $1,792.75
> PAYMENT DUE 12/01/2019 Unpaid balance of $1,792.75

7

PAYMENT DUE 01/01/2020 Unpaid balance of $1,792.75

**CURRENT CONTRACTUAL PAYMENT DUE 02/01/2020: $1,792.75**

**AS OF 02/18/2020 THE TOTAL AMOUNT DUE IS $7,395.03.** *You must pay this amount to bring your loan current.*

32.     The aforesaid letter reflects that Defendant has failed to honor the terms of the

Agreement (with respect to the provision that Defendant acknowledged and agreed that the

automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the

automatic stay.

33.     On January 23, 2020, Defendant responded to Plaintiff's ("QWR") by stating, in

pertinent part, the following:

> After reviewing your account, we found that the Chapter 13 bankruptcy case filed on September 12, 2016 and closed on December 31, 2019.  The property received a Motion for Relief which means the bankruptcy protection is no longer on the loan as of January 18, 2018.  Late fees are not assessed to the account if the bankruptcy case is active since the Motion for Relief was granted the bankruptcy protection is not active.  A late fee was assessed on January 17, 2020, since we did not receive a monthly payment in January 2020 as of yet and by the grace period.  As requested we have enclosed the Detailed Transaction History, previous servicer transaction history and transaction codes.  The account is next due for October 1, 2019, monthly payment.
> . . .
>
> The current amount of arrears is $6,299.78.
> …
> Reinstatement Amount $6,299.78.
>
> After completing our review into the aforementioned issues we determined that overall, there were no errors on our part.  You have the right to assess the documents we used in this review and we have included those documents in this letter for your records.
> . . .
>
> Sincerely,
>
> Chelsea Hernandez
> Customer Relations Specialist

34.     Within the aforesaid response:

    a.     Defendant inaccurately states that the bankruptcy case was closed on December 31, 2019;

    b.     Defendant inaccurately states and in breach of the term of the Agreement takes the position that the automatic stay lifted on January 18, 2018;

    c.     Defendant inaccurately states that the account is no longer protected by the bankruptcy case;

    d.     Defendant acknowledges that it assessed a late fee against the mortgage loan account; and

    e.     Defendant erroneously takes the position that there are no errors within its servicing and status of the mortgage loan account.

35.     On February 3, 2020, Defendant mailed a letter to Plaintiff which states, in pertinent part, that Plaintiff should remit an additional sum to increase the unapplied funds balance from $1,640.43 to $1,792.75 so the same could be applied to a monthly payment, and that, as of the date of the letter, "the total amount required to bring the account current is $6,299.78."

36.     The aforesaid letter reflects that Defendant has failed to honor the terms of the Agreement (with respect to the provision that Defendant acknowledged and agreed that the automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the automatic stay.

37.     On February 18, 2020, Defendant mailed a monthly mortgage statement to Plaintiff which reflects a total due of $7,466.74 (which includes all prepetition arrearage), due date of March 1, 2020, escrow balance of $14,130.64 and a late fee of $71.73.

38.     The aforesaid letter reflects that Defendant has failed to honor the terms of the

Agreement (with respect to the provision that Defendant acknowledged and agreed that the

automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the

automatic stay.  The statement further reflects that Defendant has assessed a charge or fee against

the account for a late fee in the absence of compliance with R. 3002.1, Fed. R. Bankr. P.

39.      On February 18, 2020, Defendant, though its Loss Mitigation Department, mailed a

letter to Plaintiff which states, in pertinent part, as follows:

> …
>
> As of 02/18/2020, you are 110 days delinquent on your mortgage loan.  Here is a
> recent payment history, and the reason for our concern:
>
> **RECENT ACCOUNT HISTORY**
>
> PAYMENT DUE 09/01/2019 Fully paid on 12/31/2019
> PAYMENT DUE 10/01/2019 Fully paid on 01/31/2020
> PAYMENT DUE 11/01/2O19 Unpaid balance of $1,792.75
> PAYMENT DUE 12/01/2019 Unpaid balance of $1,792.75
> PAYMENT DUE 01/01/2020 Unpaid balance of $1,792.75
> PAYMENT DUE 02/01/2020 Unpaid balance of $1,792.75
>
> **CURRENT CONTRACTUAL PAYMENT DUE 03/01/2020: $1,792.75**
>
> **AS OF 02/18/2020 THE TOTAL AMOUNT DUE IS 47,466.74.  *You must pay
> this amount to bring your loan current.***

40.     Within the aforesaid letter, Defendant suggested that Plaintiff's failure to bring the

mortgage loan current may result in fees, possibly foreclosure, and the loss of the home.

Defendant offered suggestions such as a loan modification, forbearance or short sale.

41.     The aforesaid letter reflects that Defendant has failed to honor the terms of the

Agreement (with respect to the provision that Defendant acknowledged and agreed that the

automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the

automatic stay.

42.     On February 29, 2020, Defendant mailed a letter to Plaintiff which states, in pertinent part, that Plaintiff should remit an additional balance to increase the unapplied funds balance from $1,640.43 to $1,792.75 so the same could be applied to a monthly payment, and that, as of the date of the letter, "the total amount required to bring the account current is $4,578.74."

43.     Within the aforesaid letter, Defendant suggested that Plaintiff's failure to bring the mortgage loan current may result in fees, possibly foreclosure, and the loss of the home. Defendant offered suggestions such as a loan modification, forbearance or short sale.

44.     The aforesaid letter reflects that Defendant has failed to honor the terms of the Agreement (with respect to the provision that Defendant acknowledged and agreed that the automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the automatic stay.

45.     On March 3, 2020, Defendant mailed a letter to Plaintiff which states, in pertinent part, that the loan is past due for the December 1, 2019 payment and all payments therefrom such date, that failure to make payments in accordance with the terms and conditions of the mortgage loan is a default, that the amount that Plaintiff "must pay" is $6,371.49, and that such amount must be paid by April 6, 2020.

46.     The aforesaid letter reflects that Defendant has failed to honor the terms of the Agreement (with respect to the provision that Defendant acknowledged and agreed that the automatic stay of 11 U.S.C. § is in effect) and that Defendant has acted in willful violation of the automatic stay.

47.     Plaintiff has strictly adhered to the terms of the Mortgage and Note, as modified by the confirmed *Chapter 13 Plan*, and the *Hoggle Order*.

48.     Defendant has acted unlawfully as set forth herein.

49.     Plaintiff fears that Defendant will execute a foreclosure and displace he and his family from their home.

50.     Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with Plaintiff's rights.

51.     Because of Plaintiff's diligent efforts to obtain Defendant's compliance with the Agreement, Plan, Bankruptcy Code and RESPA, Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress Defendant's unlawful conduct and to avoid imminent foreclosure of the mortgage lien secured by Plaintiff's residence.

52.     Based upon Defendant's correspondence, Plaintiff is reasonably concerned that Defendant will foreclose the mortgage secured by his residence.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## <u>COUNT ONE – WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)</u>

54.     Plaintiff incorporates by reference herein each of the foregoing paragraphs.

55.     Pursuant to 11 U.S.C. § 362(a)(3), "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is prohibited.

56.     Pursuant to 11 U.S.C. § 362(a)(4), "any act to create, perfect, or enforce any lien against property of the estate" is prohibited.

57.     Pursuant to 11 U.S.C. § 362(a)(5), "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title" is prohibited.

58.     Pursuant to 11 U.S.C. § 362(a)(6), "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" is prohibited.

59.     The following actions undertaken by Defendant constitute egregious and gross violations of the automatic stay in violation of one or more of the aforesaid provisions of § 362(a):

a.    demanding that Plaintiff remit payment for prepetition arrears;

b.    threatening further collection activity including, but not limited to, foreclosure in the absence of payment of prepetition arrears;

c.    misapplying monthly mortgage payments and/or applying monthly mortgage payments in a manner that is inconsistent with the Confirmation Order, the Hoggle Order, and the provisions of the mortgage and note;

d.    attempting to collect and/or collecting fees and other charges not yet approved by this Honorable Court including, but not limited to, late fees, attorney's fees and other miscellaneous charges; and

e.    creating false delinquencies and defaults in the mortgage loan account and all actions related thereto.

60.     These intentional acts constitute egregious, gross and willful violations of the automatic stay and frustrate the purposes of the Bankruptcy Code.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT TWO – NONCOMPLIANCE WITH RULE 3002.1, FED. R. BANKR. P.

62.     Plaintiff incorporates by reference herein each of the foregoing paragraphs.

13

63. Pursuant to Rule 3002.1(c) (Notice of Fees, Expenses, and Charges), "[t]he holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred."

64. Pursuant to Rule 3002.1(i) (Failure to Notify), "[i]f the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

    i       preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

    ii      award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

65. Defendant violated Rule 3002.1(c) by failing to file and serve on Plaintiff, Plaintiff's bankruptcy counsel and the Trustee a notice itemizing the fees, expenses and/or other charges incurred in connection with the mortgage loan account after the filing of the Bankruptcy Case and within 180 days of the date the fees, expenses and/or other charges were incurred, specifically referring to the late charges and/or attorney's fees that are referenced herein above.

66. Plaintiff seeks to enforce the provisions and protections of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

Case 20-01030    Doc 1    Filed 05/06/20    Entered 05/06/20 13:44:23    Desc Main
Document        Page 14 of 18

67.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT THREE – BREACH OF AGREEMENT

68.     Plaintiff incorporates by reference herein each of the foregoing paragraphs.

69.     In June 2019, the Parties consummated the terms of the Agreement.  The Parties are bound by the terms of the Agreement.

70.     The Agreement provides that either Party may disclose the terms of the Agreement only as necessary to effectuate its terms; accordingly, the disclosures herein are necessary for that limited purpose.

71.     The Agreement provides that Defendant "will return the loan account to Bankruptcy status and agree that the automatic stay under 11 U.S. Code 362 is still in effect."

72.     Defendant has breached the aforementioned term of the Agreement.

73.     Defendant failed to return the mortgage loan account to bankruptcy status, as it acknowledged in its response to Plaintiff's QWR.

74.     Defendant failed to return the mortgage loan account to bankruptcy status, as is reflected in the aforesaid monthly mortgage statements and letters.

75.     Defendant has breached and continues to breach the provisions of the Agreement.

76.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT FOUR - 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. Part 1024 (Reg. X)

77.     Plaintiff incorporates by reference herein each of the foregoing paragraphs.

78.     Plaintiff seeks to enforce his rights under 12 C.F.R. 1024.35, Regulation X, pursuant to

12 U.S.C. § 2601, *et seq.*, RESPA.

79.     Pursuant to 12 C.F.R. § 1024.35(b)(5), the "[i]mposition of a fee or charge that the

servicer lacks a reasonable basis to impose upon the borrower" is an error defined by and

recognized within RESPA.  *See* 12 C.F.R. § 1024.35(b)(5).

80.     Pursuant to 12 C.F.R. § 1024.35(d), "[w]ithin five days (excluding legal public holidays,

Saturdays, and Sundays) of a servicer receiving a notice of error from a borrower, the servicer

shall provide to the borrower a written response acknowledging receipt of the notice of error."

*See* 12 C.F.R. § 1024.35(d); see also 12 U.S.C. § 2605(e)(1)(A).

81.     Pursuant to 12 C.F.R. § 1024.35(e), a servicer must undertake the following actions in

response to a notice of error:

> **(e)** *Response to notice of error -*
>
>> **(1)** *Investigation and response requirements -*
>>
>>> **(i)***In general.* Except as provided in paragraphs (f) and (g) of this section, a servicer must respond to a notice of error by either:
>>>
>>>> **(A)** Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>>>>
>>>> **(B)** Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

*See* 12 C.F.R. § 1024.35(e); *see also* 12 U.S.C. § 2605(e).

82.     Defendant failed to acknowledge receipt of Plaintiff's QWR within five (5) days of receipt thereof.

83.     Defendant has imposed a fee or charge against the loan account for which there exists no reasonable basis.

84.     Defendant has failed to conduct a reasonable investigation into the noticed errors.

85.     Defendant has failed to correct the errors with the loan account.

86.     Plaintiff has incurred losses including, but not limited to, loss of credit-worthiness, loss of sleep, and loss of the protections afforded by the Bankruptcy Code, Bankruptcy Rules and RESPA.

87.     As a direct and proximate result of Defendant's conduct, Plaintiff been damaged and injured in that he has suffered anger, anxiety, distress, fear, frustration, loss of sleep and loss of the protections of bankruptcy and federal law, and have been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an *Order*, *inter alia*:

a.      holding Defendant in contempt of this Honorable Court for violating the automatic stay of 11 U.S.C. § 362(a), the Confirmation Order, the Hoggle Order and any other applicable Orders and/or Rules discussed herein above, by virtue of 11 U.S.C. § 105(a);

b.      awarding to Plaintiff and against Defendant actual, compensatory and punitive damages, along with sanctions, for the unlawful conduct described within the above subsection, by virtue of 11 U.S.C. §§ 105(a) and 362(k);

17

c.    awarding to Plaintiff and against Defendant actual, compensatory, statutory and punitive damages, as applicable and/or statutorily available, for Defendant's violations of 12 U.S.C. § 2601, *et seq.*, and Regulation X;

d.    awarding to Plaintiff and against Defendant actual and compensatory damages for Defendant's breach of the provisions of the Agreement;

e.    awarding to Plaintiff and against Defendant the costs and expenses of this litigation; and

f.    awarding such other, further and equitable relief as this Honorable Court deems appropriate, including the relief provided within Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

      **RESPECTFULLY SUBMITTED** this the May 6, 2020.

                                        /s/ Anthony B. Bush
                                        Anthony B. Bush
                                        Special Counsel

**OF COUNSEL:**
Anthony B. Bush
The Bush Law Firm, LLC
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:       (334) 263-7733
Facsimile:   (334) 832-4390
E-mail:      anthonybbush@yahoo.com
             abush@bushlegalfirm.com


SERVICE ADDRESS:

Nationstar Mortgage, LLC, dba Mr. Cooper
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

18